## Commonwealth v. Kington Coal Company and St. Bernard Mining Company.

(Decided May 25, 1917.)

### Appeal from Hopkins Circuit Court.

1. Nuisance—Direction of a Thing by Legislature.—Where the legislature directs or authorizes a particular thing to be done, the doing thereof can not be charged or complained of by the Commonwealth as a nuisance, although apart from such authority it might constitute such an offense.

2. Nuisance—Legislature May Render Lawful.—The legislature may, by act, make that lawful which, at common law, constituted a common nuisance; or, may render that unlawful which was otherwise at common law.

3. Nuisance—Criminal Prosecutions—Mines and Mining.—An indictment accusing a coal mining company of the offense of maintaining a common nuisance by draining copperas and other poisonous waters from its mine into adjacent running streams, and alleging facts, which would, at common law, constitute the offense of maintaining a common nuisance, is bad on demurrer in this jurisdiction, the statute providing "that the water so drained from such mines shall be drained as directly as practicable to the adjacent streams or water courses by means of ditches, flumes, pipes, sewers or other adequate provisions."

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellant.

GORDON, GORDON & MOORE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is a prosecution by indictment, in the name of the Commonwealth of Kentucky against the Kington Coal Company and St. Bernard Mining Company, accus-

ing these two corporations of the offense of maintaining a common nuisance by turning and draining copperas water, refuse, slack coal and all kinds of waste material from their coal mine, in Hopkins county, into certain water courses in that county adjacent to the mine, whereby the water in the said streams was polluted, poisoned and contaminated to such an extent as to be destructive to fish life, and to render the water unfit for the use of stock, and destructive to vegetation on the lands of riparian owners, over and by which the said poisonous water passed and flowed. The indictment is lengthy, and it is unnecessary to copy it in this opinion, because the allegations of the indictment are admitted to be sufficient to, and do, charge a common nuisance at common law.

The two companies interposed a demurrer to the indictment upon the ground that sub-section three, of section 2729, Kentucky Statutes, which reads as follows:

"The mine foreman shall see that the water is drained out of the working places before the men enter, and that the working places are kept as free from water as practicable during working hours; and the owners, lessees, or operators of all mines to which this act applies shall see that the water so drained from such mines shall be drained as directly as practicable to the adjacent streams or water-courses by means of ditches, flumes, pipes, sewers or other adequate provisions," not only allows, but specifically directs that the water from coal mines, such as are mentioned in the indictment, "shall be drained as directly as practicable to the adjacent streams or water-courses by means of ditches, flumes, pipes, sewers or other adequate provisions"; and, that in turning the water into a stream and thereby polluting it, as charged in the indictment, defendants performed the duty required of them by the statute. It is further asserted by the defendants that the Commonwealth cannot maintain this prosecution, because the legislature having directed and authorized the drainage of the water from the mine into the running streams nearest thereto, cannot now complain that it committed a nuisance by so doing, although apart from such authority, it might be a nuisance. The lower court, upon hearing, sustained the demurrer to the indictment and dismissed the prosecution, and the Commonwealth prosecutes this appeal for a certification of the law.

The legislature is one of the co-ordinate branches of the state government, and, as such, the agent of the

Commonwealth for the enactment of such laws, within constitutional limitation, as may appear wise and advantageous. The pollution of a running stream, at common law, is a common nuisance, for which an indictment will lie; but, it is a well-recognized principle that the legislature may change the common law so as to make acts or omissions, which are nuisances at common law, lawful, or make things which were lawful at common law, a nuisance.

The statute under consideration was primarily passed in the interest of the health and well-being of those who are employed inside coal mines. It is a well-known fact that in all coal mines, and especially those under drainage, great quantities of water accumulate, which must be removed in order that the miner and those who are required to be inside the mine, may have a reasonably healthful place in which to work. To remove the water from the mine, it would be necessary to carry it to the surface, and since nearly all water from coal mines carries certain impurities, such as copperas, sulphur, and the like, which are more or less destructive to plant life and deleterious to the soil, it was thought wise by the legislature to require mine owners to conduct the water into running streams. The legislature having passed the act requiring the drainage of water from coal mines into adjacent streams, and since this is the nuisance of which the Commonwealth complains in this case, the trial court in sustaining the demurrer to the indictment committed no error. It does not necessarily follow that by sub-section 3, of section 2729, Kentucky Statutes, owners of private property along the streams over or on which the deleterious waters and other substances flow to the injury of growing crops or the soil, are without remedy for the injury suffered. The right of individual property owners to compensation for resulting injury is not now before this court, and it is, therefore, unnecessary to decide what right, if any, they have to compensation for loss or injury which results from the turning of such poisonous or contaminating water into the adjacent streams.

Judgment affirmed.